UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14393-CV-ROSENBERG
MAGISTRATE JUDGE REID

MILLER ATNAGU RAS MAKONNAN,

     Petitioner,

v.

SEC'Y FLORIDA DEP'T OF CORR.

     Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

The *pro se* petitioner, Miller Atnagu Ras Makonnan, a convicted state prisoner presently confined at the Union Correctional Institution, has filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his state conviction and sentence for possession of a firearm or ammunition by a convicted felon, possession with intent to sell or deliver cocaine, and possession of 20 grams or less of cannabis, the result of a *nolo contendere* plea in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County **Case No. 56-2013-CF-003547-A**. [ECF No. 1].

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules

8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the State's response to an order to show cause along with its supporting exhibits consisting of all pertinent portions of the underlying criminal file in the State's case against Petitioner and transcripts of the relevant proceedings, as well as the subsequent appellate filings and decisions. [ECF Nos. 12, 13, and 14].

For the reasons stated in the Report, this federal habeas petition should be DENIED on the merits

## II.    Claims

Construing the arguments liberally as afforded *pro se* litigants pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds for relief alleging ineffective assistance of counsel:

1. Counsel acquired and improperly submitted Petitioner's federal pre-sentence investigation report (PSI) to the sentencing court rather than a state PSI. The federal PSI contained Petitioner's juvenile record, whereas a state PSI would have excluded his juvenile record under Florida law. As a result, the court sentenced Petitioner more harshly because of his juvenile record. [ECF No. 1 at 4-11].[1]

---

[1] Petitioner presents this claim as Grounds 1 and 2 except that he raises Ground 2 pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) in order to overcome the exhaustion issue. The Report addresses these claims together since they are more than sufficiently related.

2. Counsel failed to object to the trial court's misunderstanding that the negotiated plea with the federal government did not impose punishment for Counts 2 and 3. [*Id.* at 11-14].

Petitioner seeks to overcome the procedural bar pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Petitioner seeks an evidentiary hearing and to have his sentence vacated. [ECF No. 1].

### III.   Relevant Procedural History

#### A. *Information, Plea, and Direct Appeal*

Petitioner was charged by an Information with (Count 1) possession of a firearm or ammunition by a convicted felon, a second-degree felony, in violation of Fla. Stat. § 790.23; (Count 2) possession with intent to sell or deliver cocaine, a second-degree felony, in violation of Fla. Stat. § 893.13(1)(A); and (3) possession of 20 grams or less of cannabis, a misdemeanor, in violation of Fla. Stat. § 893.13(6)(B). [ECF No. 13-1 at 11]. The State filed a notice of intent to seek enhanced penalties and to have Petitioner classified as a Habitual Felony Offender. [ECF No. 13-1 at 13]. Petitioner, represented by counsel, entered a written agreement to enter an open, *nolo contendere* plea to Count 1, as a third-degree felony, and as charged for the remaining counts. [ECF No. 13-1 at 15-21]. Petitioner understood that he faced fifteen years in prison for a second-degree felony, five years for a third-degree felony, and one year in county jail for the misdemeanor – a total of twenty years in state prison plus one year in county jail. [*Id.*].

3

According to the criminal scoresheet, Petitioner received 65 points for his prior record, which included attempted murder with a deadly weapon, grand theft, possession of cocaine, felony battery, battery, sale of cocaine, attempted robbery with a firearm and failure to register as a career offender. [ECF No. 13-1 at 83]. According to the scoresheet, Petitioner's lowest permissible prison sentence was approximately 48 months. [ECF No. 13-1 at 84].

Petitioner appeared at his plea hearing represented by counsel. [ECF No. 14-1 at 1-25]. Counsel objected to the scoresheet, specifically that the prior offenses were incorrectly calculated. [ECF No. 14-1 at 3-5, 7-8]. Under oath, by way of the court's colloquy, Petitioner confirmed his age, educational level, understanding of English, and denied taking any drugs or medications of any kind since the day prior. [*Id*. at 6]. Petitioner confirmed he signed the plea agreement and reviewed the entire agreement with counsel. [*Id*. at 8]. The court reviewed the charges in the Information, the rights Petitioner would waive as a result of his plea, and the maximum sentences if convicted. [*Id*. at 8-10]. In determining a date for sentencing, the court noted counsel was seeking a sentence concurrent to the one Petitioner was serving in the federal case, but the State had objected. [*Id*. at 11]. The court also acknowledged that Petitioner was not subject to the three-year mandatory minimum sentence because he had been charged with "constructive possession" of a firearm. [*Id*. at 11-12]. Petitioner confirmed he still wanted to enter his open plea and no one

had made any promises to him regarding sentencing. [*Id*. at 12-14]. The court explained Petitioner was not entitled to a state PSI but indicated it might want one. [*Id*. at 14]. Counsel offered to provide the federal PSI; and the court agreed. [*Id*. at 14-15]. The court conducted a cursory review of the federal PSI finding two adult offenses – the federal conviction of the same occurrence and attempted first degree murder with a deadly weapon. [*Id*. at 15]. Petitioner stated he was entering a plea because it was in his best interest and understood he was waiving his trial rights, including the right to raise a defense and appeal, confirmed no one coerced or otherwise forced him into entering the plea, and understood he would lose other valuable civil rights as a result. [*Id*. at 18-20, 21-22]. Petitioner confirmed he was satisfied with counsel's representation, that there was nothing else he wanted counsel to do regarding the charges, and he did not need further time to discuss the matter with counsel. [*Id*. at 20-22]. Petitioner was permitted opportunity to make a statement: "Just…have mercy on me, Your Honor, and sentencing me, you know, to have enough time with my family." [*Id*. at 22]. Following statements from the State and Petitioner's counsel, the court found a factual basis for Petitioner's plea and he entered a free and voluntary guilty plea. [*Id*. at 23-24].

Counsel filed a sentencing memorandum asking the state court to sentence Petitioner to a sentence concurrent with his federal sentence. Petitioner's federal sentence was a fifteen-year mandatory minimum sentence and over four times

greater than the lowest appropriate sentence under Florida law.[2] [ECF No. 13-1 at 22-32]. Counsel included documents from the federal case: the indictment, Petitioner's federal PSI, the plea agreement, and sentencing documents. [ECF No. 13-1 at 34-76].

Petitioner appeared at his sentencing hearing represented by counsel. [ECF No. 14-1 at 26-39]. Counsel clarified that the sentencing scoresheet was corrected to reflect a minimum 44-month sentence. [*Id*. at 26]. When Petitioner was permitted to give a statement, he apologized to the those affected and hurt by his actions and asked for leniency from the court. [*Id*. at 27]. Counsel asked for Petitioner's sentence to run concurrently to his federal sentence. [*Id*. at 28-29]. The court clarified that the plea agreement was incorrect for citing possession of a firearm by a convicted felon as a second-degree felony rather than a third-degree felony. [*Id*. at 31]. Petitioner confirmed his understanding. [*Id*.]. The state prosecutor recited Petitioner's juvenile and adult criminal history and sought thirty years in prison with fifteen years consecutive to the federal case. [*Id*. at 34-36]. The court sentenced petitioner to fifteen years in prison for Count 1, possession of a firearm, to run concurrent with the federal sentence. [*Id*. at 37]. However, the court noted that Petitioner was not prosecuted or punished for the drug counts, as to Count 2, the cocaine charge, sentenced him to ten years in prison consecutive to the sentence for Count 1 followed

---

[2] *See* Case No. 14-14025-CR-MIDDLEBROOKS.

by five years drug offender probation and, as to Count 3, possession of cannabis, sentenced him to one year to run concurrently to Count 2. [*Id*. at 38; ECF No. 13-1 at 85-86, 89-95].

Petitioner appealed to the Fourth District Court of Appeal (Fourth DCA) in Case No. 4D15-3402. [*Id*. at 97, 102]. Petitioner raised one claim: the trial court erred because it did not explain how it arrived at a 25-year sentence. [ECF No. 13-1 at 104-126]. On July 27, 2016, the Fourth DCA affirmed the conviction and sentence *per curiam* and without written opinion. *Makonnan v. State of Florida*, 196 So. 3d 569 (Fla. 4th DCA 2016). Petitioner filed a motion for certification, which was denied on August 30, 2016. [ECF No. 13-1 at 146-149, 151].

## B. Post-Conviction Proceedings

On July 26, 2017, Petitioner filed a motion for post-conviction relief in the states court, pursuant to Rule 3.850. [ECF No. 13-1 at 155-170]. Petitioner raised two claims:

1. Counsel was ineffective for submitting a federal PSI report without the authorization of the federal judge and containing prejudicial information about his prior criminal history. [*Id*. at 157-161].

2. Counsel was ineffective for failing to object to the prosecutor's statements presenting impermissible sentencing factors. [*Id*. at 162-164].

3. Counsel was ineffective for failing to object to the prosecutor's remarks. [*Id*. at 165-166].

The state court denied the Rule 3.850 motion finding that his claims under *Strickland v. Washington*, 466 U.S. 668 (1984) failed because the second prong of *Strickland* required him to show that but for the attorney's deficient performance, he would not have entered a plea and would have insisted on proceeding to trial. [ECF No. 13-1 at 242-245]. Petitioner motioned for rehearing, which was denied on July 30, 2018. [ECF No. 13-1 at 247-262; ECF No. 13-2 at 25]. Petitioner appealed to the Fourth DCA in Case No. 4D18-715. [ECF No. 13-2 at 28-29, 31-33, 35]. Petitioner claimed counsel was ineffective for (1) illegally using the federal PSI because it is confidential under the federal rules and was highly prejudicial and (2) the prosecutor violated his constitutional rights under principles of double jeopardy, fraudulent misrepresentation and concealment, and bad faith prosecution, which induced him into pleading guilty. [ECF No. 13-2 at 37-72]. On June 21, 2018, the Fourth DCA affirmed the denial of the Rule 3.850 motion *per curiam* and without written opinion. *Makonnan v. State of Florida*, 251 So. 3d 897 (Fla. 4th DCA 2018). Petitioner filed a motion for rehearing, which was denied. [ECF No. 13-2 at 167-169, 171]. The Fourth DCA issued the mandate on September 7, 2018. [ECF No. 13-2 at 173].

Petitioner timely filed the instant federal habeas petition on September 21, 2018. [ECF No. 1]. This Report follows.

## IV.    Threshold Issues – Timeliness, Exhaustion, Procedural Bar

### A.  Timeliness

The parties correctly assert that the instant petition is timely filed.

### B.  Exhaustion and Procedural Bar as to Claims 1 and 2

The State asserts that **Claims 1 and 2** are procedurally barred from federal habeas review. [ECF No. 12 at 10-16]. The Undersigned sets forth an explanation of the exhaustion requirement and the procedural bar followed by an analysis of both claims.

It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *Anderson v. Harless*, 459 U.S. 4 (1982); *Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *Leonard v. Wainright*, 601 F.2d 807 (5th Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion also requires review by the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing

of a Rule 3.850 motion and an appeal from its denial, *Leonard*, 601 F.2d at 808, or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Caraballo v. State*, 805 So.2d 882 (Fla. 2d DCA 2001).

Ineffective assistance of trial counsel ("IATC") claims are generally not reviewable on direct appeal but are properly raised in a motion for post-conviction relief. *See Kelley v. State*, 486 So.2d 578, 585 (Fla. 1986). Furthermore, in Florida, claims concerning representation received by appellate counsel are properly brought by way of a petition for habeas corpus relief to the appropriate district court of appeal. *State v. District Court of Appeal, First District*, 569 So. 2d 439 (Fla. 1990). Exhaustion also requires that an IATC claim not only be raised in a Rule 3.850 motion, but the denial of the claim be presented on appeal. *See Leonard*, 601 F.2d at 808.

"It is not sufficient merely that the federal habeas petitioner has been through the state courts...nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. at 275-276; *Anderson v. Harless*, 459 U.S. at 6). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. at 275-277. To satisfy this

requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F. 3d 1337 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner makes no such showing here.  Failure to exhaust a claim can result in a procedural default bar in federal court if it is obvious that the unexhausted claim would now be procedurally barred in state court. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id*. at 1303. However, a petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged

constitutional violation. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010). Here, Florida's two-year statute of limitations to raise claims has long since passed; therefore, any attempt to do so would be futile.

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

However, there is a narrow non-constitutional equitable exception to excuse the procedural default of claims of ineffective assistance of trial counsel. Relief is available if (1) state procedures make it virtually impossible to actually raise ineffective assistance of trial counsel claims on direct appeal; and (2) the petitioner's state collateral counsel was ineffective for failing to raise ineffective assistance of trial counsel claims in the state proceedings. *See Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1261 n.31 (11th Cir. 2014).

The claim of ineffective assistance must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. 1, 14 (2012). The exception recognized in *Martinez* applies when a State's procedural framework makes it highly unlikely that a defendant in a typical case will

have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 429 (2013).

Here, Petitioner proceeded *pro se* in his collateral proceeding. As narrated above, Petitioner filed a Rule 3.850 motion but only raised **Claim 1** in state court and appealed the denial thereof to the Fourth DCA in Case No. 4D18-715, as per *Leonard*. Because he alerted the state court courts of his federal claim in **Claim 1** as per *Jimenez* and *Snowden*, the Court should find Petitioner's remedies for *Claim 1*, at the state level, is properly exhausted.

However, Petitioner failed to raise **Claim 2** in any proceeding, namely, that counsel failed to object to the trial court's misunderstanding that the negotiated plea with the federal government did not impose punishment for Counts 1 and 2. Petitioner also concedes the claim is unexhausted. [ECF No. 1 at 11-12]. Thus, **Claim 2** is unexhausted and procedurally barred.

Yet, because Petitioner was without counsel during his initial collateral proceeding and raises IATC claims in this federal petition, *Martinez* applies. Still, Petitioner cannot overcome the default because he "must also demonstrate that the underlying claim is a substantial one…that the claim has some merit." *Martinez, supra*. Moreover, 28 U.S.C. § 2254(b)(2) provides "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State." Accordingly, this Report addresses the merits of both claims in the Discussion section.

## V.    Standard of Review in § 2254 Cases

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). Thus, the "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford*, 818 F.3d at 642 (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Therefore, a federal habeas court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In that respect, the Eleventh Circuit has made clear that:

> [a] state court's decision rises to the level of an unreasonable application of federal law only where the ruling is 'objectively unreasonable, not merely wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___, ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to meet. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) *cert. den'd by Rimmer v. Jones*, 138 S. Ct. 2624 (June 11, 2018).

Federal courts "must also presume that 'a determination of a factual issue made by a State court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'" 28 U.S.C. § 2254(e)(1)." *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018). Further, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-1606 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an irrebutable presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an

explanation, the Supreme Court of the United States instructs that:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. at 1192. However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id*.

Moreover, the Supreme Court of the United States has repeatedly admonished that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 562 U.S. at 102-103 (quotation marks omitted)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (acknowledging that Section 2254(d) places a difficult burden of proof on the petitioner); *Renico v. Lett*, 559 U.S. 766, 777 (2010) ("AEDPA prevents defendants and federal courts from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (Section 2254(d) "demands that state-court

decisions be given the benefit of the doubt."). *See also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).

## VI.   Applicable Law

### A.  *Ineffective Assistance of Counsel Principles*

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Harrington v. Richter*, 562 U.S. 86, 104 (2011*)*. If the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland*, 466 U.S. at 697 (explaining a court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs).

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). With regard to the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*,

466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant, therefore, must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

In the context of guilty pleas, the prejudice prong requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)*; see also Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id*. at 74; *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (stating that there is a strong presumption that the statements that a defendant made during a plea colloquy were true). *See also Lee v. Sec'y, Dep't of Corr*., 2018 U.S. App. Lexis 35143 (11th Cir. Dec. 13, 2018). The analysis is the same for guilty

pleas and nolo contendere pleas such as Petitioner's. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("The fundamental constitutional consideration when a petitioner challenges his plea is whether it is voluntary. The rule is the same for pleas of guilty or nolo contendere."). *See also Florida v. Royer*, 460 U.S. 491, 495 n.5 (1983) (stating that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty.").

## VII.    Discussion

### A.  Claim 1 – Counsel Was Not Ineffective for Submitting the Federal PSI to the Sentencing Court.

Petitioner claims that counsel was ineffective for improperly submitting his federal PSI to the sentencing court. [ECF No. 1 at 4-5]. He claims that the state PSI is governed by Florida Statutes and certain arrests and convictions may not be considered, including one's juvenile record. The State accurately maintains that the claim lacks merit for several reasons. [ECF No. 12 at 21-32].

First, Petitioner points to no federal law prohibiting the use of a federal PSI during a corresponding state sentencing proceeding nor any constitutional right to the confidentiality of the PSI. Fed. R. Crim P. 32(e), applicable only to federal cases, lists the proper procedure for disclosing the federal PSI. To the extent Petitioner is arguing his rights under Rule 32 were violated, his claim is unavailing. According to Rule 32(e), with the defendant's written consent, "[t]he *probation office* must give the presentence report to the defendant, the defendant's attorney, and an attorney for

the government." Fed. R. Crim. P. 32(e)(2) (emphasis added). Nothing in Rule 32 imposes a duty upon a defendant's attorney nor does the Rule grant Petitioner a right to confidentiality after releasing the PSI to counsel. Second, the argument that Petitioner was entitled to a state PSI rather than a federal PSI is the equivalent of maintaining that counsel did not follow a state law. However, it is well settled that claims involving state law are not cognizable in a federal habeas proceeding which provides a vehicle to challenge constitutional rights. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Third, as narrated above, it is clear from the transcript that the trial court, although aware of Petitioner's juvenile record, relied on his adult prior convictions beginning at age 18. Finally, review of the plea transcript and sentencing memorandum confirms that counsel submitted the federal PSI as a matter of reasonable trial strategy in order to secure a consecutive sentence on Petitioner's behalf. Tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance. *United States v. Costa*, 691 F.2d 1358 (11th Cir. 1982); *Coco v. United States*, 569 F.2d 367 (5th Cir. 1978). Accordingly, counsel was not deficient. Even if counsel were deficient, Petitioner cannot establish prejudice.

As narrated above, by signing the plea agreement and by his representations at his hearing under oath, Petitioner confirmed that he had been given sufficient time to consult with counsel, was advised of the charges, the facts underlying the charges, the trial rights he was waiving, and the range of potential punishments. Petitioner further confirmed that he was pleading freely and had not been threatened, coerced or intimidated in any way to make him plead guilty. Petitioner acknowledged that he was fully satisfied with counsel's representation. Based on the record, the trial court found a factual basis for the guilty plea, that Petitioner made a knowing and intelligent waiver of his rights, was satisfied with his counsel, and entered a plea in his best interest. Moreover, the Fourth DCA affirmed the denial of post-conviction relief on this issue on appeal. Petitioner cannot show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill, supra.*

Ultimately, Petitioner cannot satisfy *Strickland*. More importantly, the Florida courts' findings were not unreasonable in light of the evidence in the record. The state court's determination that Petitioner's plea was voluntary and intelligent was not contrary to federal law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Accordingly, Petitioner's claim is without merit, does not warrant relief, and should be DENIED.

### B.  Claim 2 – Counsel Was Not Ineffective for Failing to Raise a Meritless Objection

Petitioner's claim that counsel failed to object to the trial court's misunderstanding the federal government did not impose punishment for the drug counts (Counts 2 and 3) is completely controverted by the record and, thus, fails to warrant relief.

"The sixth amendment right to effective assistance of counsel does not require counsel to raise every objection without regard to its merit." *Palmes v. Wainwright*, 725 F.2d 1511, 1523 (11th Cir. 1984). *See also Thomas v. Jones*, 891 F.2d 1500 (11th Cir. 1989) (counsel not ineffective for failing to object to admissible evidence). Therefore, counsel was not ineffective for failing to object to the court's clear understanding that, in his federal case, Petitioner was not charged with nor was a sentenced imposed for the drug charges. As narrated above, in the federal case, Petitioner only pled guilty to the possession of the firearm.

Petitioner cannot satisfy the deficiency prong of *Strickland*, nor can he establish prejudice for the reasons stated in Claim 1. Thus, **Claim 2** should be DENIED.

## VIII.    Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. 28 U.S.C. § 2254(e)(2);

*Schriro v. Landrigan*, 550 U.S. at 474 (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## IX.    Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However,

when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Court Judge in objections.

## X.    Recommendations

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be DENIED on the merits, that NO certificate of appealability issue, and that the case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 1st day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Miller Atnagu Ras Makonnan
        T21027
        Cross City Correctional Institution
        Inmate Mail/Parcels
        568 NE 255th Street
        Cross City, FL 32628
        PRO SE

        Allen R. Geesey
        Office of the Attorney General
        Criminal Appeals
        1515 North Flagler Drive, Suite 900
        West Palm Beach, FL 33401
        561-837-5000
        Fax: 837-5099
        Email: allen.geesey@myfloridalegal.com